Edward J. LaBarre (CA BAR # 71569)
8 Tern Ct.
San Rafael, CA 94901
Telephone: 415-246-6153
Facsimile: 415-295-4126
Email: ed.labarre@gmail.com

Stephen A. Fraser (CA BAR # 85573)
53 Central Ave.,
Sausalito, CA 94965
Telephone: 415-332-2421
Facsimile:
Email: safraserlaw@sbcglobal.net

Attorneys for Plaintiff Tino D. Armstrong

UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Tino D. Armstrong,<br><br>    Plaintiff,<br><br>v.<br><br>Kevin Barreto, Jarrett Tonn, DOE One and DOE Two.<br><br>    Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND**<br><br>Department:<br><br>Judge: |

Comes now the Plaintiff, Tino D. Armstrong, by and through his attorneys Edward J. LaBarre and Stephen A. Fraser, and, for cause to complain against the above named individuals and DOEs One and Two, states and alleges as follows:

1

## I. PARTIES

1. The Plaintiff, Tino D. Armstrong (hereinafter "Armstrong") is and, at all times material hereto, was a resident of the City of Vallejo, California..

2. At all times material hereto, the Defendants Kevin Barreto and Jarrett Tonn and DOEs ONE and TWO were residents of the State of California and were acting under color of state law as police officers for the City of Vallejo, California.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §1331 as this civil action arises under the Constitution and laws of the United States of America including the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §§ 1981,1983,1988.

4. This Court also has jurisdiction because the Plaintiff is a resident of the State of California and all Defendants herein are residents of the State of California.

5. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 as the events which gave rise to this case occurred within the city limits of Vallejo, California, and the named Defendants reside in the City of Vallejo or were working as police officers for the City of Vallejo, California at all times pertinent hereto.

6. Plaintiff Tino D Armstrong complied with the notice requirements of The California Tort Claims Act as set forth in Sections 810 through 996.6 of the California Government Code. He served his Notice of Claim on the City of Vallejo and its City Clerk. Plaintiff's claim was received and acknowledged by the Vallejo

City Clerk's office on May 28, 2019, and the claim was deemed rejected by the City of Vallejo forty-five days thereafter as no action on the claim was taken on the claim by the City of Vallejo within 45 days after May 28, 2019.

### III. GENERAL ALLEGATIONS

7. Plaintiff incorporates herein by reference all the preceding allegations and averments of this Complaint as if fully set forth here.

8. On March 6, 2019 the Plaintiff drove his car into the parking lot of Kings Market in the 1600 block of Fairgrounds Drive in Vallejo, California.

9. After the Plaintiff parked his car, he and his friend who had been riding with him exited the car and began walking towards the entrance to Kings Market.

10. As they began walking from the car to Kings Market they were ordered to stop by Vallejo City police officers Jarrett Tonn and Kevin Barreto.

11. Defendant Kevin Barreto is hereinafter referred to Barreto.

12. Defendant Jarrett Tonn is hereinafter referred to as Tonn.

13. Those police officers then ordered the Plaintiff and his friend to walk towards them and towards the concrete-curbed and grass covered median that was between the front of the Plaintiff's automobile and the other side of the parking lot where police officers Barreto and Tonn had parked.

15. As the Plaintiff approached the said parking lot median and the above mentioned police officers, another Vallejo police officer approached the Plaintiff from behind and grabbed him, began searching him and handcuffed him.

3

COMPLAINT AND JURY DEMAND

15. At the time the Plaintiff was handcuffed, there were four Vallejo police officers surrounding the Plaintiff.

16. After the Plaintiff was handcuffed, one of the Vallejo police officers took the Plaintiff's car keys from the Plaintiff's pants pocket and opened the doors of the Plaintiff's automobile without Plaintiff's consent.

17. After the Plaintiff was handcuffed, one or more of the Vallejo police officers roughly pushed the Plaintiff down on to a concrete curb and the grass median next to where he was handcuffed.

18. The Plaintiff suffers from sciatica that causes him pain in his lower back and legs.

19. When the Plaintiff was roughly pushed down on to the concrete curb and the grass median as aforesaid, the Plaintiff experienced physical, sciatic pain.

20. After the Plaintiff was handcuffed and until the Defendant police officers had completed their search of the Plaintiff's automobile and further humiliated the Plaintiff as described below, the Plaintiff was required by the Defendant police officers to remain sitting on the low curb of the grassy median of the parking lot.

21. Sitting on the low curb and the grassy median of the parking lot caused the Plaintiff to experience additional physical pain.

22 The aforementioned grassy median of the parking lot and its curbs were wet when the Plaintiff was forcibly required to sit on the curb and grass.

23. While the Plaintiff was handcuffed at the aforesaid time and place, the Vallejo Police officers who had stopped him began searching his automobile.

4

COMPLAINT AND JURY DEMAND

24. The aforesaid search of the Plaintiff and Plaintiff's automobile by the Vallejo police officers was unwarranted, unreasonable and without any justification.

25. The aforesaid searches of the Plaintiff and of Plaintiff's automobile by the Vallejo police officers violated the Plaintiff's right to be free from unreasonable searches and seizures as guaranteed to him by the Fourth Amendment to the Constitution of the United States.

26. At all times pertinent hereto, the Defendants were acting under color of state law as police officers for the City of Vallejo, California.

27. When the defendant police officers were searching the Plaintiff's automobile at the time and place aforesaid, they opened freshly made, recently purchased and previously unopened sandwiches that they found on the back seat of the Plaintiff's automobile, and then the Vallejo police officers left the contents of the sandwiches strewn on the back seat of Plaintiff's automobile.

28. When the defendant police officers were searching the Plaintiff's automobile at the time and place aforesaid, they found a package of Limited Edition Skittles candy and ate the contents of it.

29. About the time the Defendant police officers finished searching the Plaintiff's automobile, the Defendant Barreto, who was then standing at the open left rear door of Plaintiff's car where Plaintiff could only see the lower legs and feet, upper torso, arms and head of the Defendant Barreto, the Defendant Barreto, said to the Plaintiff, "Get ready for this."

30. After the Defendant Barreto (Barreto) said to the Plaintiff "Get ready for this," Barreto assumed a position as if he were about to urinate from a standing

position. He had his feet spread apart and his arms together in front of his torso with his shoulders slightly forward such that it appeared that he was holding his penis, and he looked down as if he was watching himself urinate. Then Barreto shook his arms and his body as if he were completing his urination on something in the back seat of Plaintiff's automobile, and he made it look like he was urinating on one or both of the sandwiches in the back of Plaintiff's automobile.

31.     The acts of Barreto as described above were willful and wanton and were done to cause the Plaintiff to suffer emotional injury including distress, anxiety, and humiliation, and to taunt the Plaintiff to react.

32.     The Fourth Amendment to the Constitution of the United States of America provides

> "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and persons or things to be seized."

33.     After the Defendant police officers searched the Plaintiff's automobile, the Defendants Barreto and Tonn issued Plaintiff a traffic violation summons and complaint (traffic ticket) alleging that Plaintiff had violated a traffic law which prohibited the operation of a motor vehicle with the driver's view through the front windshield obscured or obstructed.

34.     As the Plaintiff was being issued the aforesaid summons and complaint for an alleged traffic violation, the Defendants Barreto and Tonn

told the Plaintiff that an air freshener that he had hanging from his rear view mirror was an illegal impediment to the driver's view through his front windshield.

## IV.  FIRST CAUSE OF ACTION - CLAIMS AGAINST ALL DEFENDANTS FOR VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SECTIONS 1981, 1983 AND 1988.

35.  Plaintiff incorporates herein by reference all preceding allegations and averments of this Complaint as if fully set forth here.

36.  The above described treatment of Armstrong when he was stopped, seized and searched by the defendants Barreto, Tonn and DOES ONE and TWO was unreasonable under the Fourth Amendment to the Constitution of the United States of America.

37.  On March 6, 2019, and for years before that, police officers knew or should have known that the above described stop, seizure and search of Plaintiff Armstrong and his automobile on March 6, 2019 was unreasonable under the Fourth Amendment to the Constitution of the United States of America.

38.  During the stop, seizure and search of Armstrong as aforesaid, all of the Defendants deprived the Plaintiff Armstrong of his right to be free from unreasonable seizures and searches under the Fourth Amendment to the Constitution of the United States of America.

7

COMPLAINT AND JURY DEMAND

39. The aforesaid actions of all Defendants were done while they were working and acting as police officers for the City of Vallejo, California, and while they were using their authority as such police officers to stop, detain and search the Plaintiff and his automobile.

40. As a result of the aforesaid acts of all four of the Defendants, the Plaintiff suffered physical pain and damage to his property, and he experienced considerable inconvenience, humiliation, a loss of enjoyment of life, and emotional distress, as well as the violations of his rights guaranteed to him by the Constitution of the United States.

41. As a result of the deprivation of the Plaintiff's Constitutional Rights as aforesaid the Plaintiff Armstrong incurred and continues to incur attorney's fees associated with his efforts to obtain compensation for the deprivation of his civil rights and for the prosecution of this civil action.

## V. SECOND CAUSE OF ACTION –
## ASSAULT AND BATTERY

46. Plaintiff incorporates herein by reference all preceding allegations and averments of this Complaint as if fully set forth here.

47. The handcuffing of the Plaintiff, the taking of the Plaintiff's keys from his pants pocket by the Defendants as aforesaid, and the Defendants forcefully requiring Plaintiff to sit on a low, wet curb and grass, and the search of Plaintiff's automobile including the dislocation of Plaintiff's personal property that was in his automobile,

COMPLAINT AND JURY DEMAND

and the consumption of Plaintiff's candy all amounted to an assault of the Plaintiff and a battery of his person.

48.   As a direct and proximate result of the aforesaid assault and battery of the Plaintiff by the Defendants, the Plaintiff suffered humiliation, anxiety, emotional distress and physical pain.

**WHEREFORE**, Plaintiff Tino D. Armstrong prays for judgment in his favor and against all the Defendants jointly and separately for:

1. Compensation for the violations of his rights guaranteed to him by the Constitution of the United States of America;

2. Compensation for the physical and emotional pain, humiliation, inconvenience, and loss of enjoyment of life that the Defendants caused him;

3. Compensation for his attorney's fees and costs including all of the cost expended prosecuting Plaintiff's claims as set forth herein including expert fees; and;

4. For an award of attorneys' fees for the prosecution of his claims arising from the violations of his rights guaranteed to him by the Constitution of the United States of America;

5  For pre-judgment interest and post-judgment interest as allowed by law;

6. For an award of punitive and exemplary damages against the Defendants;

7. And for such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL  ISSUES**

COMPLAINT AND JURY DEMAND

Dated: October 30, 2019

*Edward J. LaBarre*          and          *Stephen A. Fraser*

Edward J. LaBarre          and          Stephen A. Fraser

Attorneys for Plaintiff

COMPLAINT AND JURY DEMAND